UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEWEY CHAD JOHNSTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:09CV96 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Second Amended Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 40]  Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motion is denied without a hearing.

## Movant's Claims

Movant makes the following claims in his Second Amended Motion:

**Ground One**: Movant's counsel was ineffective for failing to ask for a downward adjustment of Movant's sentence for time served on a state burglary conviction.

**Ground Two**: Movant's counsel was ineffective for failing to object to the use of an Illinois burglary conviction as a violent felony because the Government's discovery file did not show whether Movant was represented by counsel at the time of his plea and sentencing.

## Facts and Background

Movant was indicted and charged with possession of three firearms.  The parties entered into a plea agreement which provided that Movant could argue for a sentence outside the applicable Guideline range, and the government agreed to recommend a sentence at the bottom of the applicable Guideline range.

At sentencing on July 22, 2008, both sides requested the statutory minimum for an Armed Career Criminal of 180 months.  Counsel for Movant requested that the sentence be imposed concurrently to Movant's Scott County, Missouri 5 year burglary sentence.  The Court sentenced Movant to the requested 180 months, to be served concurrently with the undischarged Scott County sentence.  Movant had been incarcerated on the Scott County sentence since October 2, 2006.  Movant claims that he should receive credit for the time he served on the state conviction from October 2, 2006 through July 22, 2008.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Claims brought under § 2255 may also be limited by procedural

default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a

§ 2255 motion if the issue could have been raised on direct appeal but was not."

*Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v.*

*United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Furthermore, even

constitutional or jurisdictional claims not raised on direct appeal cannot be raised

collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for

the default and actual prejudice or (2) actual innocence."  *United States v. Moss*,

252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614,

622 (1998)).  Claims based on a federal statute or rule, rather than on a specific

constitutional guarantee, "can be raised on collateral review only if the alleged

error constituted a 'fundamental defect which inherently results in a complete

miscarriage of justice.'"  *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v.*

*United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the

prisoner is entitled to no relief."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th

Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an

evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to

relief.'"  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v.*

*Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim

"without an evidentiary hearing if the claim is inadequate on its face or if the

record affirmatively refutes the factual assertions upon which it is based."  *Shaw*,

24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be

conclusively determined based upon the parties' filings and the records of the

case, no evidentiary hearing will be necessary.

**Discussion**

**Ground One**

Movant argues that U.S.S.G. § 5G1.3(b) applies to his sentence.  U.S.S.G. §

5G1.3(b) provides:

> If subsection (a) does not apply, and a term of imprisonment
> resulted from another offense that is relevant conduct to the
> instant offense of conviction under the provisions of subsection
> (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that
> was the basis for an increase in the offense level for the instant
> offense under Chapter Two (Offense Conduct) or Chapter Three
> (Adjustments), the sentence for the instant offense shall be imposed
> as follows:
>
> (1)  the court shall adjust the sentence for any period of
> imprisonment already served on the undischarged term of
> imprisonment if the court determines that such period of
> imprisonment will not be credited to the federal sentence
> by the Bureau of Prisons; and
>
> (2)  the sentence for the instant offense shall be imposed to run
> concurrently to the remainder of the undischarged term of

- 4 -

imprisonment.

Movant's Scott County burglary offense was not considered relevant conduct for the instant federal offense, and his offense level was not increased because of the Scott County burglary sentence.  Therefore, the Court was not required to give Movant credit for the time between his incarceration on the Scott County burglary sentence and the imposition of this Court's sentence.  Claim One will be denied.

**Ground Two**

Movant argues that counsel was ineffective because counsel did not challenge his 2003 Illinois conviction for Residential Burglary because the record of that conviction did not show Movant was provided an attorney.

<u>**Standard for Ineffective Assistance of Counsel**</u>

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of counsel is on a defendant.  *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).  To prevail on an ineffective assistance of counsel claim, a convicted defendant must first

- 5 -

show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*  The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005).  If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient.  *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996).  Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance

from counsel's perspective at the time of the alleged error.  *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.  When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions.  The prejudice prong, however, is different in the context of guilty pleas.  Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

The government has provided the Court with a copy of the docket sheet for the Illinois felony conviction at issue, 2002CF112.  The docket sheet clearly

shows Movant was appointed a public defender on March 5, 2003.  Accordingly, even if counsel had challenged the lack of indication of counsel in the record of the 2003 conviction, no relief would have come to Movant, and the felony would stand as a conviction in support of Movant's Armed Career Criminal status. Movant's claim, therefore, is without merit.  Movant cannot show that he was prejudiced by counsel's lack of objection.

## Conclusion

Based upon the foregoing analysis, neither of  Movant's grounds  upon which Movant relies to challenge his sentence entitles him to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Second Amended Motion to Vacate,

Set aside or Correct Sentence, [Doc. 40], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of

Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 25th day of July, 2013.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE